IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLAS MARTINEZ, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:19-cv-03956 |
| LIBERTY INSURANCE CORPORATION, | | (JURY) |
| Defendants. | | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation (incorrectly named "Liberty Mutual Insurance Company & Liberty Insurance Corporation") timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. § 1446(b), removing this action from the 61st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division and in support thereof show as follows:

**A. Introduction**

1. Plaintiff commenced this lawsuit against Defendant in the 61st Judicial District Court of Harris County, Texas on or about August 30, 2019. A true and correct copy of the Original Petition along with documents reflecting service are attached hereto as Exhibit "A." Plaintiff served the Original Petition on Defendant Liberty Insurance Corporation through its registered agent on September 13, 2019. On October 4, 2019 Defendant filed its Original Answer, Special Exceptions and Jury Demand attached hereto as Exhibit "B."

2. Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3.      Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code and bad faith.  Plaintiff's claims against Defendant arise under a homeowner's policy of insurance issued by Liberty Insurance Corporation.  Plaintiff alleges his property was damaged in a storm occurring on or about August 28, 2017.

4.      Plaintiff alleges numerous causes of action.  However, his case boils down to an allegation that he was not paid by the insurance company, Liberty, to be sufficiently compensated for his alleged losses from the August 28, 2017 storm.

### B.  Jurisdiction & Removal

5.      In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

6.      Complete diversity under 28 U.S.C. § 1332 exists in this case.  Plaintiff is a citizen of the State of Texas.  Liberty Insurance Corporation is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston.

7.      In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332.  Here, although Plaintiff states he is suing for monetary relief not exceeding "the sum or value of $74,000, exclusive of interest and costs," he fails to include a stipulation or affidavit stating he seeks $75,000 or less.  The face of the plaintiff's pleading will not control if made in bad faith.  The inquiry does not end merely because the plaintiff alleges

damages potentially below the threshold. Plaintiff can only end that inquiry by showing, *with legal certainty*, that his recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, plaintiffs can cite a statute that limits their recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with their complaint. *Id. See also Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006). Here, Plaintiff has done neither.

8. Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000 to avoid removal. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as <u>bad faith</u>." *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.")

9. If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

10. To support the allegation that the amount in controversy exceeds $75,000.00, the defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The Defendant may also rely on the notice of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,*

11 F.3d at 58. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiff's allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

11. In his Petition, Plaintiff states he is seeking:

    (a) Unspecified damages he alleges have resulted due to Defendant's alleged breach of contract. (See paragraph 19 of the Petition).

    (b) Statutory interest on the total amount of the claim. (See paragraph 21 of the Petition).

    (c) Exemplary and/or treble damages. (See paragraphs 22 through 26 of the Petition).

    (d) Attorney's fees. (See paragraphs 21 and 27 through 28 of the Petition).

12. Further, in any first party damage case, the contractual amount in controversy is the limits of the policy. In this case, the policy limits are $154,700.00 for the Dwelling. *See* Exhibit "C" attached hereto.

13. It is clear the types of damages Plaintiff is seeking, when considered jointly, put him well above the jurisdictional minimum. Taking all of the allegations together, Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction. It has been just over two years since Defendant sent Plaintiff a letter explaining the extent of covered damages which were found during the claim

investigation. Therefore, including penalty interest increases the amount sought by the Plaintiff to $35,352.67. Presumably, Plaintiff expects this to increase during the time it takes to try and/or appeal this case.

14. Further, on July 11, 2019, Plaintiff served Defendant with a demand letter, including a repair estimate in the amount of $29,460.55, plus $3,850.00 in attorney fees and other expenses, for a total of $33,310.55. *See* Exhibit "D" attached hereto. Plaintiff requests treble damages which is $88,381.65. Not included in this amount is Plaintiff's claim for attorney fees through trial and appeal.

15. Assuming the Plaintiff seeks as little as $5,000.00 for attorney fees, the amount in controversy far exceeds $75,000.00.

| Claim for Damages | Plaintiff's Alleged Damages |
|---|---|
| Actual damages alleged for breach of contract | $29,460.55 |
| Treble Damages for knowing violations of the Texas Insurance Code. | $88,381.65 |
| 10.00 percent interest for violations of the Insurance Code | $5,892.12 for 2 years |
| Attorney's Fees | $5,000.00 |
| **Total to Date:** | **$128,734.32** |

16. For these reasons, Defendant believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00. Defendant has also made such showing by a preponderance of the evidence as required by applicable federal law.

17. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

5

18. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 61st District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

19. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

20. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

21. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Liberty Insurance Corporation hereby removes the above-captioned matter now pending in the 61st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

**SHEEHY, WARE & PAPPAS, P.C.**

By: _/s/  J. Mark Kressenberg_
J. Mark Kressenberg
State Bar No. 11725900
JKressenberg@sheehyware.com
Jonathan R. Peirce
State Bar No. 24088836
JPeirce@sheehyware.com
2500 Two Houston Center
909 Fannin
Houston, Texas 77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 10th day of October 2019 to the following counsel of record:

**Attorneys for Plaintiff:**
*Via E-service*
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

*Via E-service*
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

                                        /s/ *Jonathan R. Peirce*
                                        Jonathan R. Peirce

3594925