Case 4:19-cv-03956   Document 1-2   Filed on 10/10/19 in TXSD   Page 1 of 18

10/4/2019 10:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37384075
By: Kevin Childs
Filed: 10/4/2019 10:30 AM

NO. 2019-62373

| | | |
|---|---|---|
| NICOLAS MARTINEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY & LIBERTY INSURANCE CORPORATION, | § § § | |
| | § | |
| Defendants. | § | 61st JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation (incorrectly named "Liberty Mutual Insurance Company & Liberty Insurance Corporation") files this Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

#### GENERAL DENIAL
#### 1.

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

#### SPECIFIC DENIALS
#### 2.

Defendant further specifically denies Plaintiff's allegations of breach of contract, statutory and/or common law bad faith, statutory insurance code and DTPA violations and all other causes of action alleged herein.

**EXHIBIT B**

**3.**

By way of further Answer, Defendant specifically denies that all conditions precedent to Plaintiff's claims and causes of action have occurred in the following respects:

(a) Plaintiff has not complied with his duties after loss as required by the Texas Insurance Policy on which he bases his claims;

(b) Plaintiff has not made the repairs and/or replaced the allegedly damaged insured property so as to entitle him to compensation for replacement cost value as required by the Texas Insurance Policy on which he bases his claims; and

**4.**

Defendant specifically denies that Plaintiff is owed any amounts under the policy for alleged property damage losses asserted which form the basis of Plaintiff's claims and causes of action herein.

**5.**

Defendant would show that Plaintiff's presentment of this claim constitutes an excessive and unreasonable demand and, therefore, Plaintiff is precluded from a recovery of attorneys' fees and expenses.

**6.**

Defendant specifically denies Plaintiffs' rights to recover attorneys' fees, expenses, and costs in this action.

**7.**

Defendant specifically denies that it committed any wrongful acts or that it acted "knowingly" or "intentionally" as those terms are defined by Section 17.50(b)(1) of the Texas Deceptive Trade Practices Act or Section 541 of the Texas Insurance Code.

**8.**

Defendant also denies that it has waived or is estopped from asserting any defenses, in tort or in contract.

**9.**

Defendant specifically denies that Defendant Liberty Insurance Corporation's liability for Plaintiff's claim has become reasonably clear.

**10.**

Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiff a full explanation of the results of the claims process.

**11.**

Defendant specifically denies that it failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.

**AFFIRMATIVE DEFENSES**

**12.**

Defendant further specifically asserts that the subject policy only affords Plaintiff the replacement cost value of covered damages to the dwelling after the damaged or destroyed property has actually been repaired or replaced. To the extent Plaintiff has not replaced or repaired the allegedly damaged property, he is only entitled to the actual cash value of the loss as provided for by the Texas Insurance Policy under which he brings suit.

**13.**

Defendant would show as an affirmative defense to Plaintiff's claims that certain property damage asserted by Plaintiff to be compensable under the insurance policy comes in fact from a risk or cause coming within a particular exception to the general liability under the

policy. Defendant would show that Plaintiff's loss, in whole or in part comes from a risk or cause excepted by the policy. Defendant would show that Plaintiff's loss, if any, in whole or in part, did not come from a covered peril. Defendant would further show that such causes or events as alleged to have caused Plaintiff's damages contributed concurrently or in any sequence to the alleged loss so as to be a concurrent cause excluded by the Texas Insurance Policy on which he bases his claims and causes of action.

14.

Plaintiff's causes of action are barred, either in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted. Specifically, Plaintiff fails to describe how an insurer's alleged breach of contract converts Plaintiff's contractual claim into a cause of action against Defendant for alleged violations of the Insurance Code. Plaintiff's petition instead merely alleges that Plaintiff is owed extra-contractual damages because Defendant allegedly failed to pay a disputed claim. Absent any specific factual allegations of Insurance Code violations in Plaintiff's Petition which caused damage to Plaintiff independent of the alleged contract damages sought in this lawsuit, the petition does not support a claim upon which relief can be granted.

15.

Pleading further, Defendant would show that Plaintiff has failed to mitigate his damages in that he failed to protect the property from further damage and/or to make reasonable and necessary repairs to protect the property.

16.

Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

**17.**

With regard to all of Plaintiff's extra-contractual claims, Defendant asserts a *bona fide* coverage dispute.

**18.**

Pleading further, Defendant would show that no act or omission of Defendant was the proximate cause of any injury to Plaintiff.

**19.**

Defendant additionally pleads the common law Doctrine of Concurrent Causation as it relates to covered versus non-covered perils, with respect to the proximate cause of the alleged damages to Plaintiff's property and/or contents, which give rise to the subject matter of this lawsuit.

**20.**

Pleading further, Defendant would show the Court that, to the extent that any particular covered damage items were omitted from the original assessment or payment, the cause for same results from Plaintiff's material breach of the subject insurance policy, failure to comply with conditions precedent, and/or Plaintiff's contributory negligence in failing to timely, fully and/or properly identify and report such item or items of damage to Defendant or to Defendant's agents. Defendant contends that Plaintiff had a duty to do so and failed to fulfill that duty, thus causing and/or contributing to cause the damages now claimed by him in this case.

**21.**

Defendant also pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiff on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

**22.**

Defendant asserts that Plaintiff's claims are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy.  Defendant incorporate the Policy fully herein as if such were fully set forth herein, *in extenso*.  Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

**23.**

If Defendant is found liable to Plaintiff, any such liability expressly being denied, then Defendant asserts and pleads the applicable provisions of the Texas Finance Code, including 304.003, 304.005, 304.103, 304.104, 304.1045, 304.105 and 304.107.

**24.**

##   Pleading further, Defendant denies any liability to Plaintiff for alleged extra-contractual damages.  Defendant further pleads that any award to Plaintiff of exemplary, additional, treble or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152.

**25.**

Defendant hereby asserts the Economic Loss Rule as an affirmative defense to any of Plaintiff's claims sounding in tort.

**26.**

Plaintiff's injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on the part of answering Defendant.

### REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2(a)-(l).

### RESERVATION OF APPRAISAL RIGHTS

By answering herein, Defendant LIBERTY INSURANCE CORPORATION does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value, amount of loss, or the cost of repair, with respect to the property damage claims of the Plaintiff asserted in this lawsuit.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Liberty Insurance Corporation prays that upon final hearing of this cause, the Court enter its Judgment that Plaintiff take nothing by way of his claims and causes of action against Defendant, that all costs of court be assessed against Plaintiff, and for such other and further relief, at law or in equity, as to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:   */s/  J. Mark Kressenberg*
     J. Mark Kressenberg
     State Bar No. 11725900
     JKressenberg@sheehyware.com
     Jonathan R. Peirce
     State Bar No. 24088836
     JPeirce@sheehyware.com
     2500 Two Houston Center
     909 Fannin
     Houston, Texas 77010
     713-951-1000
     713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 4th day of October 2019 to the following counsel of record:

**Attorneys for Plaintiff:**
*Via E-service*
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

*Via E-service*
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

                 /s/ *Jonathan R. Peirce*
                 Jonathan R. Peirce

3592599

Case 4:19-cv-03956   Document 1-2   Filed on 10/10/19 in TXSD   Page 10 of 18

10/4/2019 10:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37384075
By: Kevin Childs
Filed: 10/4/2019 10:30 AM

NO. 2019-62373

| | | |
|---|---|---|
| NICOLAS MARTINEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY & LIBERTY INSURANCE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | 61st JUDICIAL DISTRICT |

## DEFENDANTS' SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation (incorrectly named "Liberty Mutual Insurance Company & Liberty Insurance Corporation") files these Special Exceptions to Plaintiff's Original Petition:

### SPECIAL EXCEPTIONS

Pursuant to Rule 91, Texas Rules of Civil Procedure, Defendant hereby makes the following Special Exceptions to Plaintiff's Original Petition, and in support thereof would show the Court as follows:

**1.**

Defendant specially excepts to the Original Petition to the extent it purports to state a claim for breach of the duty of good faith and fair dealing. Under well-established Texas law, in first party insurance claims a breach of the duty of good faith and fair dealing occurs when there is a denial or delay in payment after the party knew or should have known it was reasonably clear the claim was covered. *Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651 (Tex. App.—

Houston [1st Dist.] 2008, pet. filed), quoting *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 49 (Tex. 1997). Defendant specially excepts that the allegations as set forth in paragraphs 22 through 26 of the Original Petition fail to sufficiently plead the requisite elements of a cause of action for breach of the duty of good faith and fair dealing. *See Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no writ).

Furthermore, the pleading fails to state allegations sufficient to meet the requirement that the insurer "knew or should have known it was reasonably clear the claim was covered" in that the pleading fails to identify which particular property damage claims are allegedly known or should have been known by Defendant to be covered.

Defendant further specially excepts to the allegations of paragraphs 15 and 17 because the allegations fail to state a legally cognizable cause of action against it for breach of the duty of good faith and fair dealing.

Defendant therefore requests the Court to dismiss the claims of bad faith against it or, alternatively, order Plaintiff to plead sufficient facts as to give Defendant fair notice of the: (1) property damage claim(s) which is alleged to have not been paid or have been delayed in being paid; and (2) the facts and/or circumstances giving rise to the allegation that Defendant knew or should have known it was reasonably clear these claims were covered by the policy, so as to enable Defendant to determine "the testimony probably relevant" to its defense against Plaintiff's bad faith claim(s), and give it fair notice of the facts giving rise to the claims against it in order to be able to prepare a defense.

**2.**

Defendant specially excepts to the Original Petition to the extent Plaintiff attempts to plead a common law cause of action for misrepresentation, or a statutory claim for violation of

the Texas Unfair Settlement Practices Act on the basis of misrepresentation. With respect to any common law cause of action, Defendant specially excepts to Plaintiff's allegations in paragraphs 23 through 25 that Defendant made unspecified false representations and/or misrepresentations on the basis that the allegations wholly fail to allege any material misrepresentation or plead sufficient facts to give Defendant fair notice of their acts, which would show Defendant knew any such representation was false. Defendant further specially excepts to paragraphs 23 through 25 of the Original Petition in that those allegations fail to give fair notice of how Plaintiff justifiably "relied" on any such material misrepresentation, or how such misrepresentations as to Defendant were a "producing cause" of Plaintiff's damages and losses, as required to state a *prima facie* claim for misrepresentation. *See Rencare, Ltd. v. United Medical Resources*, 180 S.W.3d 160, 166 (Tex. App.—San Antonio 2005, no pet.).

With respect to any claimed violation of Texas Insurance Code § 541.060(a)(1), Defendant specially excepts to paragraph 24 on the basis that the language therein fails to identify the alleged representations of Defendant, or the items of property damage coverage which are supposedly the subject of such representations, thus making it virtually impossible to "ascertain the nature and basic issues of the controversy and the testimony probably relevant" to the defense of Defendant with respect to any misrepresentation claim(s).

Defendant requests the Court order Plaintiff to plead sufficient facts as to give Defendant fair notice of the representation(s) it is charged with, the specific property damage claims such representations are supposed to have been made about, and the actual damages Plaintiff claims such representations are alleged to have proximately caused, so as to enable Defendant to determine "the testimony probably relevant" to a defense, and give Defendant fair notice of the

3

facts giving rise to the claims against it. Alternatively, in the event Plaintiff fails to replead such allegations, Defendant requests the Court strike them from the pleadings.

**3.**

Defendant further specially excepts to the allegations in paragraph 26 of the Petition in so far as it seeks to establish a right to recover exemplary damages. Plaintiff is not entitled to exemplary damages for a violation of Chapter 541 of the Texas Insurance Code. TEX. CIV. PRAC. & REM. CODE §41.002(d); *Safeway Managing General Agency v. Cooper*, 952 S.W.2d 861, 869 (Tex. App.—Amarillo 1997, no writ). Defendant also specially excepts to that section of the Petition on the grounds that there have been no actual damages awarded to Plaintiff for an injury independent of the loss of policy benefits. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997).

**4.**

Defendant specially excepts to paragraph 9 of the Original Petition to the extent he purports to state a cause of action for violation of the Texas Deceptive Trade Practices Act against Defendant. Pleading further, Defendant states that any claims against it concerning the adjustment of Plaintiff's losses are based on the rendering of a professional service by Defendant and/or its adjusters, the essence of which is the providing a judgment or opinion. Plaintiff's claims, in whole or in part, are based on the adjuster's rendering of a professional opinion as to the extent, amount, and coverage of Plaintiff's losses, and accordingly any causes of action asserted under the Texas Deceptive Trade Practices Act (DTPA) are precluded by § 17.49(c) of that Act.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation prays that this Court grant these Special Exceptions to Plaintiff's Original Petition, and for such

other and further relief, at law or in equity, as to which Defendant may show itself to be justly entitled.

        Respectfully submitted,

        **SHEEHY, WARE & PAPPAS, P.C.**

        By:   */s/ J. Mark Kressenberg*
              J. Mark Kressenberg
              State Bar No. 11725900
              JKressenberg@sheehyware.com
              Jonathan R. Peirce
              State Bar No. 24088836
              JPeirce@sheehyware.com
              2500 Two Houston Center
              909 Fannin
              Houston, Texas 77010
              713-951-1000
              713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT**
**LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 4th day of October 2019 to the following counsel of record:

**Attorneys for Plaintiff:**
*Via E-service*
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

*Via E-service*
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

    /s/ *Jonathan R. Peirce*
    Jonathan R. Peirce

3592720

10/4/2019 10:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37384075
By: Kevin Childs
Filed: 10/4/2019 10:30 AM

NO. 2019-62373

| | | |
|---|---|---|
| NICOLAS MARTINEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY & LIBERTY INSURANCE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | 61st JUDICIAL DISTRICT |

## DEFENDANTS' JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Liberty Insurance Corporation (incorrectly named "Liberty Mutual Insurance Company & Liberty Insurance Corporation") and files this Jury Demand. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby demands a jury trial in this cause, and has tendered the required fee.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:   <u>*/s/ J. Mark Kressenberg*</u>
     J. Mark Kressenberg
     State Bar No. 11725900
     JKressenberg@sheehyware.com
     Jonathan R. Peirce
     State Bar No. 24088836
     JPeirce@sheehyware.com
     2500 Two Houston Center
     909 Fannin
     Houston, Texas 77010
     713-951-1000
     713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 4th day of October 2019 to the following counsel of record:

**Attorneys for Plaintiff:**
*Via E-service*
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

*Via E-service*
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

               /s/ *Jonathan R. Peirce*
               Jonathan R. Peirce

3592727

3